# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

SP SOUTHPORT PLAZA, LLC,

    Plaintiff,    Case No. 2:20-CV-1382

v.            **JURY TRIAL DEMANDED**

SCF RC FUNDING III, LLC and SCF RC
FUNDING IV, LLC

    Defendants.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

  Defendants SCF RC Funding III, LLC and SCF RC Funding IV, LLC (collectively, "Defendants") by and through their attorneys, Christopher R. Grote and Michael A. DiGiacomo of Ballard Spahr, LLP, hereby answer the Complaint of Plaintiff SP Southport Plaza, LLC, and allege as follows:

## ANSWER

  1.  Defendants have insufficient information with which to admit or deny the allegation found in paragraph 1 of the Complaint and demand strict proof thereof.

  2.  Defendants admit the allegations in paragraph 2 of the Complaint.

  3.  Defendants admit the allegations in paragraph 3 of the Complaint.

  4.  Defendants admit that Defendant SCF RC Funding IV, LLC owns the property located at 7101 70th Court, Kenosha, WI 53142. The remaining allegations contained in paragraph 4 of the Complaint state conclusions of law to which no response

is required. To the extent that a response is required, the remaining allegations contained in paragraph 4 of Plaintiff's Complaint are denied.

5. Defendants admit that SCF RC Funding IV, LLC's property located at 7101 70th Court, Kenosha, WI 53142 is subject to the Operation and Easement Agreement ("OEA") and its amendments, as described in paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants have insufficient information with which to admit or deny the allegations found in paragraph 8 of the Complaint and demand strict proof thereof.

9. Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants have insufficient information with which to admit or deny the allegation found in paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11. Defendants admit that a copy of a Claim for Lien and Amended and Restated Claim for Lien were served on Defendants, as alleged in paragraph 11 of Plaintiff's Complaint.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is

DMWEST #40499859 v2
2
Case 2:20-cv-01382-LA   Filed 09/11/20   Page 2 of 14   Document 2

required, Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION – FORECLOSURE OF LIEN

13. Defendants reallege and incorporate herein by reference their responses to the foregoing paragraphs as if fully set out herein.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants have insufficient information with which to admit or deny the allegation found in paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16. Defendants deny that the amount reflected in the Amended and Restated Claim for Lien is owed to Plaintiff. As to the remainder of paragraph 16 of Plaintiff's Complaint, Defendants have insufficient information with which to admit or deny the allegations and demand strict proof thereof.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny that the amount reflected in the Amended and Restated Claim for Lien is owed to Plaintiff. As to the remainder of paragraph 18 of Plaintiff's

Complaint, Defendants have insufficient information with which to admit or deny the allegations and demand strict proof thereof.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants have insufficient information with which to admit or deny the allegation found in paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

21. Defendants reallege and incorporate herein by reference their responses to the foregoing paragraphs as if fully set out herein.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. The allegations contained in paragraph 24 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION – QUANTUM MERUIT

24[1]. Defendants reallege and incorporate herein by reference their responses to the foregoing paragraphs as if fully set out herein.

25. The allegations contained in paragraph 25 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Paragraph 26 of Plaintiff's Complaint is nonsensical and, thus, Defendants have insufficient information with which to admit or deny the allegations and demand strict proof thereof.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

---

[1] The first paragraph listed under the section titled Third Cause of Action – Quantum Meruit is numbered as paragraph 24, which appears to be a numbering error. Defendants respond to the Third Cause of Action – Quantum Meruit beginning with paragraph 24 of this Answer, and the remaining paragraphs of Plaintiff's Complaint accordingly.

WHEREFORE, Defendants deny each and every material allegation not heretofore controverted and demand strict proof thereof.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As and for affirmative defenses, Defendants assert as follows:

### FIRST AFFIRMATIVE DEFENSES
### (Failure to Mitigate Damages)

Defendants assert that if Plaintiff suffered any damages as a result of any actions, inactions or omissions alleged herein, such damages being specifically denied, then in that event, Plaintiff failed to use ordinary care to reduce or minimize any damages it may have allegedly sustained. Plaintiff's failure to mitigate its damages is hereby pleaded as a complete bar and/or partial bar to Plaintiff's claims alleged herein.

### SECOND AFFIRMATIVE DEFENSES
### (Unclean Hands)

Defendants assert that to the extent Plaintiff is seeking equity from this Court, Plaintiff is not entitled to any such finding in equity as it comes to the Court with unclean hands.

### THIRD AFFIRMATIVE DEFENSES
### (Waiver, Discharge, Estoppel and Release)

Without waiving any of the claims and defenses upon which they continue to rely, and in the alternative, Defendants allege waiver, discharge, estoppel and/or release as bars to Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSES
## (Plaintiff's Alleged Damages Are Directly and Proximately the Result of Plaintiff's Own Actions, Inactions or Omissions)

Defendants assert that if Plaintiff suffered damages, all such damages being specifically denied, said damages are directly and proximately attributable to the actions, inaction or omissions of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSES
## (Failure of Consideration)

Defendants assert the defense of failure of consideration as a complete or partial bar to Plaintiff's contract claims alleged herein.

## SIXTH AFFIRMATIVE DEFENSES
## (Set-off or Off-set)

Defendants hereby claim the affirmative defenses of Set-Off or Off-Set to any claims Plaintiff may have against Defendants, with such claims being specifically denied.

## SEVENTH AFFIRMATIVE DEFENSES
## (Condition Precedent)

Defendants assert Plaintiff has failed to fulfill one or more conditions precedent to its alleged right to recover under the terms of the OEA.

## EIGHTH AFFIRMATIVE DEFENSES
## (Existence of a Written Contract)

Defendants assert the existence of a written contract as a complete bar to Plaintiff's claims for Quantum Meruit.

## NINTH AFFIRMATIVE DEFENSES
## (Laches)

Defendants assert Plaintiff is barred from recovery by the doctrine of laches because Plaintiff and any person Plaintiff purports to represent knew of the purported acts

or omissions and were fully aware of their rights against Defendants (if any), but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of Defendants.

**TENTH AFFIRMATIVE DEFENSES**
**(Reservation of Rights)**

Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate, based on its ongoing investigation and/or documents and information obtained from Plaintiff.

**COUNTERCLAIM**

1. Plaintiff SP Southport Plaza, LLC is a developer of land located at 7101 70th Court, Kenosha, WI 53142 and owned by SCF RC Funding IV, LLC ("SCF").

2. Plaintiff has retained Friedman Management Company ("Friedman") as a property manager.

**PLAINTIFF'S OVERBILLING FOR OPERATING EXPENSES UNDER THE OEA**

3. The relationship between Plaintiff as developer and SCF as owner is governed by an Operation and Easement Agreement ("OEA") dated March 9, 1994, as amended.

4. In relevant terms, Section 4.2 of the OEA, as amended, states that "Common Area Maintenance Costs shall not include . . . (ii) any charge for electricity to a Party that separately pays the electrical costs . . . ."

5. Despite Section 4.2 of the OEA, Friedman (acting on behalf of Plaintiff) has billed and charged SCF for electricity.

6. After being informed of Section 4.2 of the OEA, Friedman agreed that SCF should not be charged for electricity and agreed to remove the line item from the 2019 Operating and Real Estate Tax Expense Reconciliation dated February 28, 2020.

7. Friedman's agreement that SCF should not be billed or charged for electricity is reflected in both the 2019 Operating and Real Estate Tax Expense Reconciliation dated June 12, 2020 ("June 12 Reconciliation") and the 2019 Operating and Real Estate Tax Expense Reconciliation dated June 22, 2020 ("June 22 Reconciliation").

8. Friedman also has agreed that it has overbilled and overcharged SCF on Plaintiff's behalf for SCF's prorata share of operating/common area maintenance ("OPE/CAM") expenses.

9. Specifically, Friedman has agreed that SCF should be charged 15.61956% instead of 17.25% (as SCF was previously billed) for its prorata share of OPE/CAM expenses under the OEA.

10. Friedman's agreement that SCF should not be billed or charged for electricity is reflected in both the June 12 Reconciliation and the June 22 Reconciliation.

11. Though Section 4.2 of the OEA allows the Plaintiff to charge an Administrative Fee, the section specifically states that "[i]n the event the Operator contracts all or a substantial part of the maintenance of the Common Area to a commercial property management company, Operator shall not receive the Administrative Fee."

12. On information and belief, Plaintiff contracts all or a substantial part of maintenance of the Common Area to Friedman, a commercial property management company.

13. Friedman (on behalf of Plaintiff) has improperly billed SCF for an Administrative Fee to which Plaintiff is not entitled.

14. Despite being overcharged in 2017 and 2018 for operating expenses under the OEA, Plaintiff has not refunded SCF for the amount overcharged.

**PLAINTIFF'S OVERBILLING FOR SCF'S SHARE OF AMORTIZED EXPENDITURES UNDER THE OEA**

15. Section 4.2 of the OEA, as amended, states, in relevant part, that "Common Area Maintenance Costs shall not include . . . (viii) the cost of any replacements or capital improvements to the Common Areas, except that the cost of repaving the parking areas of the Shopping Center may be included within Common Areas Charges so long as such cost is amortized on a straight-line basis over the useful life thereof under generally accepted accounting principles (or successor accounting standards), and is not incurred more than once during each eleven (11) full calendar years . . . ."

16. Based on Section 4.2 of the OEA, SCF has successfully contested that Friedman (acting on behalf of Plaintiff) should not bill SCF for "Landscaping from City" and "Fire Hydrant Repairs and Replacement" line items.

17. Friedman's agreement that it was overbilling SCF by charging SCF for "Landscaping from City" and "Fire Hydrant Repairs and Replacement" line items is reflected in the June 22 Reconciliation.

18. Despite agreeing with SCF that SCF should not be charged for "Landscaping from City" and "Fire Hydrant Repairs and Replacement" line items, Friedman (on Plaintiff's behalf), later re-added these line items in billing SCF without explanation.

19. Moreover, pursuant to the language in Section 4.2 of the OEA, Friedman (on behalf of Plaintiff) should not be charging SCF for line items for "Asphalt Repair," "Asphalt repair/striping," and "Concrete Repair," but such charges have been billed to SCF.

20. Based on the foregoing, Plaintiff has overcharged SCF for its share of amortized expenditures under the OEA and SCF has overpaid the same.

21. Despite being overcharged for its share of amortized expenditures under the OEA, Plaintiff has not refunded SCF for the amount overcharged.

**PLAINTIFF'S UNJUSTIFIED INCREASE IN SCF'S MONTHLY OPE/CAM EXPENSES ESTIMATE**

22. As part of the billing for SCF's prorata share of OPE/CAM Expenses, SCF pays a monthly OPE/CAM Expenses estimate.

23. Recently, Friedman (acting on behalf of Plaintiff) has increased the OPE/CAM Expenses estimate by nearly $4,000 per month without explanation.

**PLAINTIFF'S UNJUSTIFIED RECORDING OF A LIEN ON SCF'S PROPERTY**

24. Despite knowing that Plaintiff has overcharged and overbilled SCF for aforementioned expense relating to the OEA, Plaintiff has recorded an Amended and

Restated Claim for Lien dated May 1, 2020, and recorded in the Official Records on May 14, 2020 as Document Number 1867274 ("Lien").

25. The Lien represents a false statement of the amount (if any) SCF owes Plaintiff.

## FIRST CAUSE OF ACTION – SLANDER OF TITLE

26. SCF realleges and incorporates herein by reference its allegations in the foregoing paragraphs as if fully set out herein.

27. Plaintiff has made knowingly false, sham, or frivolous claim of lien relating to SCF's property.

28. Plaintiff knew that it was overbilling and overcharging SCF for expenses under the OEA.

29. Nonetheless, Plaintiff recorded a lien on SCF's property in a false amount.

30. Plaintiff's knowingly false lien has impaired SCF's title to the subject property in an amount to be shown at trial.

31. SCF is entitled to statutory damages and actual damages caused by Plaintiff's knowing conduct.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

32. SCF realleges and incorporates herein by reference its allegations in the foregoing paragraphs as if fully set out herein.

33. Plaintiff has breached its obligations under the OEM by overcharging SCF for amounts that it is not owed under the OEM.

34. SCF is entitled to a money judgment in an amount to be proven at trial, plus interest and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION – QUANTUM MERUIT

35. SCF realleges and incorporates herein by reference its allegations in the foregoing paragraphs as if fully set out herein.

36. By paying Plaintiff for expenses under the OEA that it did not owe, SCF conferred a benefit upon Plaintiff.

37. Plaintiff knowingly accepted the benefit provided by SCF.

38. Under the circumstances set forth herein, it would be unjust and inequitably for Plaintiff to retain the benefit conferred upon it by SCF without paying SCF the reasonable value of the benefit.

WHEREFORE, SCF demands judgment as follows:

1. Money damages for actual harm and for statutory damages in an amount to be determined at trial.

2. Reasonable costs and attorneys' fees.

3. Any other relief the Court deems equitable.

Dated this 11th day of September, 2020.

**BALLARD SPAHR, LLP**

By: *Christopher R. Grote*
Christopher R. Grote
80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: (612) 371-3211
Facsimile: (612) 371-3207

Michael A. DiGiacomo
(Admission to be requested)
digiacomom@ballardspahr.com
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: (602) 798-5400
Facsimile: (602) 798-5595

***Attorneys for SCF RC Funding III,
LLC and SCF RC Funding IV, LLC***